IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAWRENCE STANFILL EL, | Case No. 3:15-cv-00750-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| OREGON DEPARTMENT OF TRANSPORTATION, and OREGON DEPARTMENT OF MOTOR VEHICLES, | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

The Oregon Department of Transportation and the Oregon Department of Motor Vehicles (collectively, "Defendants") filed a motion to dismiss the above-captioned case, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff Lawrence Stanfill El ("Plaintiff") has failed to file a response to Defendants' motion to dismiss, or a response to the Court's order to show cause why this case should not be

dismissed for failure to prosecute. For the reasons explained below, the Court recommends that the district judge enter a judgment dismissing Plaintiff's complaint without prejudice, for failure to prosecute.

**BACKGROUND**

Plaintiff filed the present action on May 1, 2015. In his complaint, Plaintiff alleges, among other things, that Defendants violated his constitutional right to travel without restriction by falsifying his driving record. Although Plaintiff has not filed proper returns of service, Defendants filed a motion to dismiss the complaint on May 26, 2015. Three days later, on May 29, 2015, Plaintiff filed a motion for entry of default judgment against Defendants, pursuant to Rule 55, alleging that default judgment should be entered because Defendants failed to answer the complaint on or before June 1, 2015.

In an Opinion and Order dated June 5, 2015, the district judge denied Plaintiff's motion for entry of default judgment as moot, in light of Defendants' timely-filed motion to dismiss. The district judge also advised Plaintiff that his response to Defendants' motion to dismiss was due on June 12, 2015, and his service papers were due on June 29, 2015. Plaintiff failed to satisfy either of these deadlines. As a result, on July 7, 2015, this Court ordered Plaintiff to show cause in writing why Defendants' motion to dismiss should not be granted. The Court made clear that Plaintiff's response to the order to show cause was due on July 20, 2015, and warned Plaintiff that failure to comply with the Court's order to show cause "may result in the dismissal of Plaintiff's entire action for failure to prosecute." (Order to Show Cause at 2, ECF No. 12.) Plaintiff's July 20, 2015 deadline has now expired.

///

**LEGAL STANDARDS**

Pursuant to Rule 41(b), a "district court may dismiss a case for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether a case should be dismissed for failure to prosecute or comply with a court order, a district court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). According to the Ninth Circuit, "[t]he first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

**DISCUSSION**

The Court finds that the above-referenced factors weigh in favor of dismissing Plaintiff's complaint without prejudice, for failure to prosecute.

The first factor weighs in favor of dismissal because Plaintiff failed to pursue this case for several months, respond to Defendants' motion to dismiss, or respond to the Court's order to show cause. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

The second factor weighs in favor of dismissal, because "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." *Pagtalunan*, 291 F.3d at 642; *see also Calip v. Soc. Sec. Admin.*, No. 14-cv-2047, 2014 WL

Page 3 - FINDINGS AND RECOMMENDATION

3421147, at *2 (N.D. Cal. July 14, 2014) (holding that the second factor weighed in favor of dismissal because the court "must be able to manage its dockets 'without being subject to routine noncompliance of litigants'") (citation omitted).

The third factor weighs in favor of dismissal because Plaintiff has offered no explanation for his failure to respond to Defendants' motion to dismiss or the Court's order to show cause, and because Plaintiff has demonstrated an unwillingness to participate meaningfully in this proceeding while the Court and State of Oregon expend resources attempting to address Plaintiff's complaint. *See Pinheiro v. Wash. Mut. Bank*, No. 12-cv-05165, 2013 WL 685190, at *2 (N.D. Cal. Feb. 5, 2013) ("Although the Ninth Circuit has 'recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal,' unreasonable delays are sufficient."), *report and recommendation adopted as modified*, 2013 WL 685145, at *1 n.2 (N. D. Cal. Feb. 25, 2013) (dismissing the *pro se* plaintiff's complaint with prejudice instead of without prejudice); *Calip*, 2014 WL 3421147, at *2 ("For the third factor, due to [the *pro se* plaintiff]'s failure to respond to either [the] SSA's Motion to Dismiss or this Court's Order to Show Cause, she has offered no explanation for her failure. This weighs strongly in favor of dismissal.").

The fourth factor weighs in favor of dismissal, because "[t]he Court's issuance of the Order to Show Cause satisfies the consideration of less drastic sanctions requirement." *Id*. (citing *Ferdik*, 963 F.2d at 1262).

Finally, "[a]lthough the fifth factor . . . might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it." *Id*. (citing *Pagtalunan*, 291 F.3d at 643). However, to satisfy the public policy favoring disposition of a case on its merits, the dismissal should be without prejudice instead of with prejudice. *See Byers v. USAA Cas. Ins. Co.*, No. 3:12-cv-01125-

PK, 2012 WL 5834082, at *3-4 (D. Or. Sept. 28, 2012) (recommending the less drastic sanction of dismissal without prejudice in a case where the plaintiffs failed to respond in a timely manner to the defendants' motion to dismiss); *Isley v. Schriro*, No. 01-cv-1567, 2007 WL 3287587, at *1-4 (D. Ariz. Nov. 5, 2007) (recognizing the district court's inherent power to dismiss a case *sua sponte* for failure to prosecute, noting that "a dismissal for failure to prosecute operates as an adjudication upon the merits '[u]nless the court in its order for dismissal otherwise specifies,'" and agreeing with the magistrate judge's recommendation to impose the less drastic alternative of entering a judgment of dismissal without prejudice) (citations omitted).

## CONCLUSION

For the foregoing reasons, the Court recommends that the district judge enter judgment dismissing Plaintiff's case, without prejudice, for failure to prosecute. All pending motions should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 29th day of July, 2015.

*/s/ Stacie F. Beckerman*
STACIE F. BECKERMAN
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION